IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | § | |
| | § | No. 299, 2016 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| ROBERT COUPE, *et al.*, | § | |
| | § | C.A. No. N16M-02-175 |
| Respondents Below- | § | |
| Appellees. | § | |
| | § | |

Submitted: July 22, 2016
Decided: September 21, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices

## ORDER

This 21st day of September 2016, it appears to the Court that:

(1)    The appellant, James Biggins, filed this appeal from an order of the Superior Court dated May 10, 2016, dismissing his petition for a writ of mandamus under the "three strikes" provision of the *in forma pauperis* statute, 10 *Del. C.* § 8804(f).[1] On June 27, 2016, Biggins filed his opening brief on appeal, asserting that the three strikes provision does not apply to petitions for writs of mandamus.

---

[1] 10 *Del. C.* § 8804(f) provides that a prisoner may not file a complaint *in forma pauperis* if the prisoner previously has filed three or more civil actions that were dismissed as being frivolous or malicious or for failing to state a claim *unless* the prisoner is in imminent danger of serious physical injury at the time the new complaint is filed.

(2) On July 13, 2016, the Clerk of the Court issued a notice to Biggins to show cause why the Superior Court's judgment should not be summarily affirmed because the issue on appeal is controlled by Delaware law. Biggins filed his response on July 22, 2016, arguing that there is federal case law[2] holding that writs of mandamus fall outside the scope of the three strikes provision in the Prison Litigation Reform Act,[3] which is the federal counterpart to Delaware's *in forma pauperis* statute.

(3) Biggins' reliance on federal case law interpreting the federal statute is unpersuasive. The Delaware statute, unlike its federal counterpart, clearly defines a "complaint" to include "any civil action or miscellaneous action or *any application for an extraordinary writ*."[4] This Court previously has held that Section 8804(f) could be applied to bar a prisoner's petition for a writ of mandamus.[5] The issue on appeal is controlled by settled Delaware law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[2] *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996).

[3] *See* 28 U.S.C.A. § 1915.

[4] 10 *Del. C.* § 8801(1) (emphasis added).

[5] *Walls v. Phelps*, 2014 WL 279472, *2 (Del. Jan. 23, 2014).

2